UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL WEST,                          )          Case No. 1:06CV1277
                                    )
             Petitioner,            )
                                    )          JUDGE DONALD NUGENT
        vs.                         )          (Magistrate Judge McHargh)
                                    )
STUART HUDSON,                      )
             Warden,                )
                                    )
        Respondent.                 )          ORDER
                                    )


McHargh, M.J.


        Presently before the court is a motion requesting that the court order

production of the trial transcript of proceedings.  (Doc. 14.)  Petitioner pro se West

claims that the transcript is necessary to support his claim for habeas relief,

namely, that his conviction is against the weight of the evidence.  West apparently

intends to challenge the credibility of the testimony of several trial witnesses.  (Doc.

14, at 2-3.)

        Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas

courts to direct the parties to supplement the state court record with materials

relevant to the resolution of the petition.  The decision whether to order an

expansion of the record under Rule 7 is within the sound discretion of the district

court.  Ashworth v. Bagley, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio

Mar. 28, 2002) (citing <u>Ford v. Seabold</u>, 841 F.2d 677, 691 (6th Cir.), <u>cert. denied</u>, 488

U.S. 928 (1988)).  However, expansion of the record must not undermine the

presumption of correctness of any factual finding made by the state courts.  <u>Id.</u> at

*13 (citing 28 U.S.C. § 2254(e)(1)).

A manifest weight of the evidence claim concerns "the inclination of the

greater amount of credible evidence, offered in a trial, to support one side of the

issue rather than the other."  <u>State v. Thompkins</u>, 78 Ohio St.3d 380, 387, 678

N.E.2d 541, 546 (1997) (quoting <u>Black's Law Dictionary</u> (6 ed. 1990) at 1594).  When

reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth

juror," and reviews the jury's resolution of conflicting testimony.  <u>Tibbs v. Florida</u>,

457 U.S. 31, 42 (1982).  In the federal habeas context, this is outside the proper role

of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury

determines the credibility of witnesses.  <u>United States v. Adamo</u>, 742 F.2d 927, 934-

935 (6th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1193 (1985).

Moreover, the claim that West's conviction was against the manifest weight

of the evidence is a state law issue, and a federal habeas court has no power to

grant habeas relief on the basis that a state conviction is against the weight of the

evidence.  <u>Young v. Kemp</u>, 760 F.2d 1097, 1105 (11th Cir. 1985), <u>cert. denied</u>, 476

U.S. 1123 (1986); <u>Cameron v. Birkett</u>, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004)

(citing cases).  Although West states that "there was insufficient evidence to support

[his] convictions," he questions the reliability of the eyewitness testimony.  (Doc. 14,

at 2.)  Attacks on witness credibility are challenges to the weight of the evidence,

2

and not to the sufficiency of the evidence.  <u>Martin v. Mitchell</u>, 280 F.3d 594, 618

(6th Cir.), <u>cert. denied</u>, 537 U.S. 1004 (2002); <u>Adamo</u>, 742 F.2d at 935.

The claim which West argues necessitates a fuller review of the trial

transcript is facially non-cognizable.  The motion to expand the record is denied.


IT IS SO ORDERED.

<u>Dec. 5, 2006</u>                          <u>  /s/ Kenneth S. McHargh          </u>
                                          Kenneth S. McHargh
                                          United States Magistrate Judge